## Case No. 9,131.

### MARSHALL et al. v. REDFIELD.

[4 Blatchf. 221: [1] 40 Hunt. Mer. Mag. 195; 2 Wkly. Law Gaz. 296.]

Circuit Court, S. D. New York. Oct. 2, 1858.

CUSTOMS DUTIES — BOND FOR PAYMENT — GOODS NOT IMPORTED — APPLICATION FOR REMISSION— DELAY—SUIT FOR RECOVERY —VOLUNTARY PAYMENT.

1. Where a bond for the payment of duties was given on a warehouse entry, on the importation of goods, and it turned out that some of the goods covered by the bond were not imported into the country, and a remission of the duties on those goods was refused by the treasury department, because the application was not made within a year after the importation, and the importer then paid, under protest, the duties on the missing goods, to avoid a suit on the bond: *Held*, that he could not recover back the duties thus paid.

[Cited in United States v. Schlesinger, 14 Fed. 683.]

2. The payment was voluntary, and was not made in order to obtain the possession of any goods, within the act of February 26, 1845 (5 Stat. 727).

This was an action [by Edward Marshall and Thomas Tileston,] against [Heman J. Redfield] the collector of the port of New York, to recover back duties charged to have been illegally exacted [under color of the law, by the collector].[2] Nine casks of hardware had been shipped to the plaintiffs, as appeared from the invoice and manifest, and a warehouse entry was made of the same, and a bond given in the usual way, by the consignees, with surety. When the ship was discharged [under the inspector],[2] but seven of the casks could be found on board, the other two having been either lost, sent by some other ship, or not shipped at all. The seven were sent to the warehouse. The plaintiffs, within the three years allowed by the act of congress, paid the duties [to the collector][2] upon the seven casks, and withdrew the goods from the warehouse. They also applied to have the bond cancelled without the payment of duties upon the two missing casks, which, ·it was claimed, had never been imported into the country, and were, therefore, not chargeable with duties. That application was refused by the collector. The parties then applied to the secretary of the treasury for a remission of the duties, which application was also refused, under a regulation of the department, requiring the application to be made within a year from the importation of the goods. The plaintiffs then paid the duties under protest, in order to obtain a cancellation of the bond, and to avoid a suit on the same. This action was then brought, to recover back the money thus paid, with interest.

NELSON, Circuit Justice. The principal objection to a recovery in this case is, that the money has been paid by the plaintiffs voluntarily, and not under coercion or duress by color of law, so as to lay a foundation for the action. The act of congress of February 26. 1845 (5 Stat. 727), saves the action to parties "who have paid, or shall hereafter pay, money, as and for duties, under protest, to any collector of the customs," &c., "in order to obtain goods, &c., imported by him," &c., and upon which the duties claimed were not chargeable. Now, in the present case, the goods in question were not in the hands of the collector, or under his authority, and, indeed, had never been in the custom-house, and hence the money cannot be said to have been paid to get possession of them. It is supposed, however, that the payment with a view to the surrender or cancellation of the bond, and to avoid a suit thereon, comes within the spirit or intent of the act of congress; and the case of Maxwell v. Griswold, 10 How. [51 U. S.] 242, is referred to as sustaining this position. But, on looking into that case, it will be found not to be an authority for this action. There the goods were in the hands of the collector, and the merchant was obliged to do one of two things, in order to obtain them, namely, allow his invoice price to remain, and be subjected to the penalty of twenty per centum, under the 8th section of the act of 1846 [9 Stat. 43], or add to the invoice price, so as to bring it up to that claimed under the treasury circular. The claim was, in either case, unlawful, as was subsequently held by the court. Among other things, the court say: "The money was thus obtained by a moral duress, not justified by law, and which was not submitted to by the importer, except to regain possession of his property withheld from him on grounds manifestly wrong."

In the present case, the money was paid to avoid a suit on the bond, that being threatened if the duties were not paid. But the defence to that suit was as perfect as if the bond had not been in the case, and to hold such a payment to be one by coercion and not voluntary, would be equivalent to holding that every payment of money demanded by the collector is an involuntary payment, and lays a foundation for an action to recover it back, if the demand turns out, in the end, not to have been founded in law. Upon the ·case made, a judgment must be entered for the defendant, with costs.

---

MARSHALL (SLOCUM v.). See Case No. 12,-953.

MARSHALL (SMITH v.). See Case No. 13,-077.

---

## Case No. 9,132.

### MARSHALL v. THURSTON.

[Quoted at length in Third Nat. Bank v. Harrison. 10 Fed. 250. A state case, and partially reported in 3 Lea (Tenn.) 740.]

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]
[2] [40 Hunt, Mer. Mag. 195.]